UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JAMES CARVER, as President of the Nassau
County Police Benevolent Association,
GARY LEARNED, as President of the
Superior Officers Association of Nassau          MEMORANDUM
County, and THOMAS R. WILLDIGG, as               AND ORDER
President of the Nassau County Police
Department Detectives' Association, Inc.,

                          Plaintiffs,            11-CV-1614(JS)(GRB)

              -against-

NASSAU COUNTY INTERIM FINANCE AUTHORITY,
RONALD A. STACK, LEONARD D. STEINMAN,
ROBERT A. WILD, CHRISTOPHER P. WRIGHT,
GEORGE J. MARLIN, THOMAS W. STOKES, in
their official capacities as directors/
members of the Nassau County Interim
Finance Authority; EDWARD MANGANO, in his
official capacity as County Executive of
Nassau County; County of Nassau; and
GEORGE MARAGOS, in his official capacity
as Nassau County Comptroller,

                          Defendants.
----------------------------------------X
JERRY LARICCHIUTA, as Local President
of CSEA Nassau County Local 830; DANNY
DONOHUE, as President of the Civil Service
Employees Association, Inc., Local 1000,
AFSCMA, AFL-CIO; and CIVIL SERVICE
EMPLOYEES ASSOCIATION, INC., LOCAL 1000,
AFSCME, AFL-CIO,

                          Plaintiffs,            11-CV-1900(JS)(GRB)

              -against-

NASSAU COUNTY INTERIM FINANCE AUTHORITY;
RONALD A. STACK, as Chairman and Director
of the Nassau County Interim Finance
Authority; GEORGE J. MARLIN, LEONARD D.
STEINMAN, THOMAS W. STOKES, ROBERT A. WILD
and CHRISTOPHER P. WRIGHT, as Directors

of the Nassau County Interim Finance
Authority; EDWARD MANGANO, in his
official capacity as County Executive
of Nassau County; and GEORGE MARAGOS,
in his official capacity as Nassau County
Comptroller; and the COUNTY OF NASSAU,

                        Defendants.
----------------------------------------X
BRIAN SULLIVAN,[1] as President of the
Nassau County Sheriff's Correction Officers
Benevolent Association, Inc., and NASSAU
COUNTY SHERIFF'S CORRECTION OFFICERS
BENEVOLENT ASSOCIATION, INC.,

                        Plaintiffs,        11-CV-2743(JS)(GRB)

              -against-

NASSAU COUNTY INTERIM FINANCE AUTHORITY;
RONALD A. STACK, as Chairman and Director
of the Nassau County Interim Finance
Authority; GEORGE J. MARLIN, LEONARD D.
STEINMAN, THOMAS W. STOKES, ROBERT A. WILD
and CHRISTOPHER P. WRIGHT, as Directors
of the Nassau County Interim Finance
Authority; EDWARD MANGANO, in his official
capacity as County Executive of Nassau
County; and GEORGE MARAGOS, in his official
capacity as Nassau County Comptroller;
and the COUNTY OF NASSAU,

                        Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:
PBA                 Alan M. Klinger, Esq.
                    Dina Kolker, Esq.
                    Shira A. Scheindlin, Esq.
                    Stroock & Stroock & Lavan LLP
                    180 Maiden Lane
                    New York, New York 10038

---

[1] John Jaronczyk no longer holds the office of President of the
union and Plaintiffs in this case ask that the caption be
amended to reflect the name of the new President, Brian
Sullivan.  That request is GRANTED.

CSEA                    Aaron E. Kaplan, Esq.
                        Civil Service Employees Association, Inc.
                        143 Washington Avenue
                        Albany, New York 12210

COBA                    Howard G. Wien, Esq.
                        Koehler & Isaacs, LLP
                        61 Broadway, 25th Floor
                        New York, New York 10006

Defendants:
NIFA                    Christopher J. Gunther, Esq.
                        Skadden, Arps, Slate, Meagher & Flom, LLP
                        Four Times Square
                        New York, New York 10036

Nassau County
and Nassau County
Defendants              Marc S. Wenger, Esq.
                        Ana C. Shields, Esq.
                        Jackson Lewis P.C.
                        58 South Service Road, Suite 250
                        Melville, New York 11747

                        Barbara E. Van Riper, Esq.
                        Joseph Nocella, Esq.
                        Nassau County Attorney's Office
                        1 West Street
                        Mineola, New York 11501

SEYBERT, District Judge:

On April 26, 2018, this Court granted Defendants' motions for summary judgment and denied Plaintiffs' motions for summary judgment. Presently before the Court are motions for reconsideration filed by Plaintiffs in each case. For the reasons set forth below, those motions are DENIED.

<u>BACKGROUND</u>

The Court assumes familiarity with the facts and procedural history of these cases, which are set forth in detail

in the Court's April 26, 2018 Order (the "April 2018 Order"). See Carver action, Docket Entry 132; Donohue action, Docket Entry 75; Sullivan action, Docket Entry 89. In brief, the Court ruled that a wage freeze ordered by Defendant Nassau County Interim Finance Authority ("NIFA") was an administrative act, not legislative, and thus was not a law within the meaning of the Contracts Clause of the United States Constitution.

Plaintiffs in all three cases have moved for reconsideration of the April 2018 Order. Defendants oppose the motions.[2] There is significant overlap in the arguments presented by all Plaintiffs. Their arguments can be distilled to the following contentions: (1) the Court misapplied or misinterpreted the case Buffalo Teachers Fed'n v. Tobe, 464 F.3d 362 (2d Cir. 2006); (2) the Court erroneously found that NIFA's action did not constitute a law within the meaning of the Contracts Clause; (3) the Court's decision removed the only avenue for constitutional review of a state action; and (4) there was an intervening change of controlling law.

---

[2] The NIFA Defendants did not submit their own papers in opposition, but submitted a letter indicating that they join with the arguments made by the County Defendants in their papers.

DISCUSSION

I.  Legal Standards

        "A motion for reconsideration should only be granted
when the [movant] identifies an intervening change of controlling
law, the availability of new evidence, or the need to correct a
clear error or prevent manifest injustice." Kolel Beth Yechiel
Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104
(2d Cir. 2013) (internal quotation marks and citation omitted). A
motion for reconsideration is appropriate when the moving party
believes that the Court overlooked important "'matters or
controlling decisions'" that would have influenced the prior
decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151
(S.D.N.Y. 1999) (quoting Local Civil Rule 6.3).

        The standard for granting reconsideration is "strict"
and generally will be denied "'unless the moving party can point
to controlling decisions or data that the court overlooked--
matters, in other words, that might reasonably be expected to alter
the conclusion reached by the court.'" Meyer v. Kalanick, 185 F.
Supp. 3d 448, 451–52 (S.D.N.Y. 2016) (quoting Schrader v. CSX
Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration
is not, however, a proper tool to repackage arguments and issues
already considered by the Court in deciding the original motion.
United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4
(E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to

reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997) (collecting cases).

II.  The Pending Motions

Upon review of Plaintiffs' submissions, the Court finds that they have failed to meet their burden.  The first three arguments concern the Court's interpretation of Buffalo Teachers', the finding that NIFA acted administratively, and the availability of court review.  All these issues were raised previously and addressed by the Court in the April 2018 Order.  Plaintiffs are attempting to rehash the same arguments that this Court decided previously, or focus on points they belatedly feel that they may not have emphasized sufficiently in an attempt to support arguments already rejected.  They have not raised any arguments warranting reconsideration of those determinations.

Plaintiffs' final argument concerns the impact of a recent case by the New York Court of Appeals that was decided after briefing in these three cases was completed, but before the April 2018 Order was issued.  See In re World Trade Ctr. Lower Manhattan Disaster Site Litig., 30 N.Y.3d 377, 89 N.E.3d 1227, 67 N.Y.S.3d 547 (2017).  Although Plaintiffs did not seek to supplement their briefing when this decision was issued, they now argue that this

case presents an intervening change in controlling law that mandates a different result in these cases. The Court disagrees.

In the <u>World Trade Center</u> case, the New York Court of Appeals addressed a question certified by the Second Circuit-- whether a public benefit corporation should be treated like the State for purposes of the capacity to challenge the constitutionality of a state statute. <u>World Trade Center</u>, 30 N.Y.3d at 383. This issue is not present here, and thus the holding on the issue does not represent an intervening change in controlling law affecting the cases before this Court. The language in the <u>World Trade Center</u> case cited by Plaintiffs is the court's general discussion of the nature of public corporations and derives from earlier sources. <u>See</u> <u>id.</u> at 387-90. As Defendants note, the Plaintiffs previously cited that language in its earlier submissions. Accordingly, reliance on the <u>World Trade Center</u> decision is simply another attempt to repackage arguments from the prior, unsuccessful motions.

CONCLUSION

For the foregoing reasons, the following motions for reconsideration are DENIED: <u>Carver</u> action, Docket Entry 135; <u>Donohue</u> action, Docket Entry 77; <u>Sullivan</u> action, Docket Entry 91.

In case number 11-CV-2743, the Clerk of the Court is directed to amend the caption to replace John Jaronczyk with Brian Sullivan as outlined in footnote 1.

SO ORDERED

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:    August __8__, 2018
          Central Islip, New York